UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 07/31/2020

LAURA BERNHEIM,

                Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION; ANNELISSE FALZONE, *Field Supervisor*; JAMES QUAIL, *Field Supervisor*,

                Defendants.

19-CV-9723 (VEC)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

VALERIE CAPRONI, United States District Judge:

      WHEREAS Plaintiff brings this *pro se* action under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 to 634; the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. §§ 701 to 796; the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112 to 12117; the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601 to 2654; the New York State Human Rights Law (NYSHRL), N.Y. Exec. Law §§ 290 to 297; and the New York City Human Rights Law (NYCHRL), N.Y.C. Admin. Code §§ 8-101 to 131, alleging that her employer, the New York City Department of Education ("DOE"), and her individual supervisors, Annelisse Falzone and James Quail, discriminated against her based on her age and disability and retaliated against her for requesting medical leave, *see* Compl. (Dkt. 2) at 4, 8;

      WHEREAS on February 5, 2020, the Court referred this matter to Magistrate Judge James Cott for all general pretrial issues, including dispositive motions, Dkt. 17;

WHEREAS DOE has moved to dismiss Plaintiff's NYSHRL and NYCHRL claims for failure to serve a notice of claim, which is a prerequisite to bringing such claims against a school district,[1] Dkt. 12;

WHEREAS Quail and Falzone seek dismissal of all claims under the ADA, ADEA, and the Rehabilitation Act, because none of those statutes provides for individual liability, Dkts. 14, 26;

WHEREAS Quail and Falzone seek dismissal of the FMLA, NYSHRL, and NYCHRL claims because the complaint fails to allege their personal involvement in any adverse action against Plaintiff, *see id.*;

WHEREAS on July 9, 2020, Judge Cott issued a Report & Recommendation ("R&R") on both dispositive motions, Dkt. 30;

WHEREAS the R&R recommends that the ADA, ADEA, and Rehabilitation Act claims against Quail and Falzone be dismissed without leave to amend due to futility,[2] *id.* at 10, 22;

WHEREAS the R&R recommends that the NYSHRL and NYCHRL claims be dismissed with leave to replead Quail's or Falzone's personal involvement in any adverse employment action taken against Plaintiff,[3] *id.* at 21–22;

---

[1]   *See* N.Y. Educ. Law § 3813(1).

[2]   *See, e.g.*, *Salahuddin v. Gambella*, No. 19-CV-7334, 2019 WL 6311760, at *5 n.6 (S.D.N.Y. Nov. 22, 2019) ("Plaintiff asserts federal claims under [the ADA, the Rehabilitation Act, the ADEA, and Title VII]. But none of those statutes create liability for individuals."); *Jarrach v. Sanger*, No. 08-CV-2807, 2010 WL 2400110, at *6 (E.D.N.Y. June 9, 2010) ("Individuals may not be sued in their individual or personal capacity under the ADA, the Rehabilitation Act or the ADEA." (collecting cases)).

[3]   *See Feingold v. New York*, 366 F.3d 138, 157–59 (2d Cir. 2004) (holding that a supervisor may be liable as an "employer" under NYSHRL and NYCHRL if he or she "actually participates in the conduct giving rise to the discrimination").

WHEREAS the R&R recommends that the FMLA claim be dismissed with leave to replead facts showing that Quail or Falzone meets the definition of "employer" under FMLA for purposes of determining individual liability,[4] *id.*;

WHEREAS the R&R recommends that Plaintiff be given an opportunity to file a late notice of claim to save her NYSHRL and NYCHRL claims to the extent that they relate to her medical condition and to the extent that they accrued after February 9, 2018,[5] *id.* at 22;

WHEREAS no objection to the R&R was received from any party within 14 days of its issuance; and

WHEREAS, absent any objections, a district court may adopt a report and recommendation provided that there is no clear error on the face of the record[6];

IT IS HEREBY ORDERED THAT the R&R is ADOPTED IN FULL because the Court finds no clear error after careful review.  In sum, the ADA, ADEA, and Rehabilitation Act claims against Quail and Falzone are dismissed without leave to amend; the NYSHRL and NYCHRL claims against all Defendants, and the FMLA claim against Quail and Falzone, are each dismissed with leave to amend.  Plaintiff must file a notice of claim, for her NYSHRL and NYCHRL claims, no later than **August 14, 2020**.  Plaintiff must file any amended complaint no later than **September 25, 2020**; the amended complaint must allege whether she served a notice of claim on DOE and whether DOE provided her the requested relief within 30 days of such

---

[4]   *Graziadio v. Culinary Inst. of Am.*, 817 F.3d 415, 422 (2d Cir. 2016) (holding that factors for determining individual liability under the FMLA "include whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records" (citation omitted)).

[5]   *See* N.Y. Educ. Law § 3813(1) (requiring service of a notice of claim on the "governing body of [the] district or school" subject to the action); § 3813(2-a) (authorizing the court to extend time to serve notice of claim).

[6]   *Heredia v. Doe*, 473 F. Supp. 2d 462, 463 (S.D.N.Y. 2007) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *see also* Fed. R. Civ. P. 72(b) advisory committee note.

service.  Plaintiff is warned that if she fails to serve the notice of claim, her claims against DOE under NYSHRL and NYCHRL will be deemed abandoned.  Similarly, if she fails to file an amended complaint, her FMLA, NYSHRL, and NYCHRL claims against Quail and Falzone will be deemed abandoned.  Defendants' time to respond to the amended complaint, if one is filed, or to answer the remaining claims in the original complaint[7] shall be **October 16, 2020**.

Because failure to object to the R&R precludes appellate review, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of an appeal.  See *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to mail a copy of this order to Plaintiff, noting service on the docket.  The Clerk is further requested to terminate docket entries 12 and 25.

**SO ORDERED.**

Dated:   **July 31, 2020**
        **New York, New York**

_____
VALERIE CAPRONI
United States District Judge

---

[7] DOE neither moved against nor answered the portion of the complaint raising ADEA, ADA and FMLA claims against it.  See Dkt. 12.