USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/29/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LAURA BERNHEIM,

                        Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION; ANNELISSE FALZONE, *Field Supervisor*; JAMES QUAIL, *Field Supervisor*,

                        Defendants.

19-CV-9723 (VEC)

**ORDER**

VALERIE CAPRONI, United States District Judge:

      WHEREAS Plaintiff brought a *pro se* action under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 to 634; the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. §§ 701 to 796; the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112 to 12117; the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601 to 2654; the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290 to 297; and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code §§ 8-101 to 131, alleging that her employer, the New York City Department of Education ("DOE"), and her individual supervisors, Annelisse Falzone and James Quail, discriminated against her based on her age and disability and retaliated against her for requesting medical leave, *see* Compl., Dkt. 2 at 4, 8;

      WHEREAS on February 5, 2020, the Court referred this matter to Magistrate Judge James Cott for all general pretrial issues, including dispositive motions, Dkt. 17;

      WHEREAS on February 3, 2020, DOE moved to dismiss the NYSHRL and NYCHRL claims for failure to file a notice of claim under New York Education Law § 3813(1), Dkt. 12;

WHEREAS on February 3, 2020, Defendant Falzone and on April 23, 2020, Defendant Quail moved to dismiss the complaint against them in its entirety for a variety of reasons, Dkts. 12, 25;

WHEREAS on July 9, 2020, Judge Cott issued a Report & Recommendation ("R&R") on both dispositive motions, Dkt. 30;

WHEREAS on July 31, 2020, this Court adopted Judge Cott's R&R in full, Dkt. 31;

WHEREAS this Court dismissed the ADA, ADEA, and Rehabilitation Act claims against Quail and Falzone without leave to amend, Dkt. 31;

WHEREAS this Court dismissed Plaintiff's NYSHRL and NYCHRL claims against Quail or Falzone with leave to amend, so that Plaintiff could "replead Quail or Falzone's personal involvement in any adverse employment action taken against Plaintiff," Dkt. 31 at 2;

WHEREAS this Court dismissed the FMLA claim against Quail and Falzone, with leave to amend, so that Plaintiff could "replead facts showing that Quail or Falzone meets the definition of 'employer' under FMLA for purposes of determining individual liability," Dkt. 31 at 2;

WHEREAS this Court dismissed the NYSHRL and NYCHRL claims against DOE for failure to serve notice of a claim under New York Education Law § 3813(1), Dkt. 31 at 2–3;

WHEREAS the Court gave Plaintiff the opportunity to file a late notice of claim by no later than August 14, 2020, Dkt. 31 at 3;

WHEREAS the Court required Plaintiff to allege whether the DOE provided Plaintiff with the requested relief within 30 days of serving a notice of claim, Dkt. 31 at 3–4;

WHEREAS on October 23, 2020, Plaintiff filed an Amended Complaint with no new information about Quail or Falzone's personal involvement in any alleged adverse employment actions, Dkt. 34;

WHEREAS the Amended Complaint provided no information about how Quail or Falzone meet the definition of "employer" under the FMLA, Dkt. 34; and

WHEREAS the Amended Complaint alleges that Plaintiff filed a notice of claim against DOE on August 12, 2020, Dkt. 34 at 8, ¶ 8;

IT IS HEREBY ORDERED that all claims against Defendants Quail and Falzone are dismissed.  Plaintiff has not pled any new facts about Quail or Falzone's personal involvement in the alleged adverse employment actions and Plaintiff has not demonstrated that Quail or Falzone meet the definition of "employer" under the FMLA.  As the Court has already given Plaintiff the opportunity to replead to add such facts, the Court declines to grant further leave to amend.  As such, the claims against Defendants Quail and Falzone are dismissed with prejudice.

The Clerk of Court is respectfully directed to mail a copy of this order to Plaintiff, noting the mailing on the docket.  By separate order, this case will again be referred to Magistrate Judge Cott for all general pretrial issues and any dispositive motions.

**SO ORDERED.**

Dated:   **October 27, 2020**
         **New York, New York**

_____
    **VALERIE CAPRONI**
    **United States District Judge**