USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/15/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LAURA BERNHEIM,

                                    Plaintiff,

              -against-

NEW YORK CITY DEPARTMENT OF
EDUCATION,

                                    Defendant.

---

19-CV-9723 (VEC)

ORDER ADOPTING
REPORT &
RECOMMENDATION

VALERIE CAPRONI, United States District Judge:

WHEREAS on October 18, 2019, Laura Bernheim, proceeding *pro se*, sued her

employer, the New York City Department of Education ("DOE"), and her individual supervisors,

Annelisse Falzone and James Quail,[1] for discrimination and retaliation based on her age and

disability, *see* Compl., Dkt. 2;

WHEREAS the Court construes Plaintiff's claims as asserting causes of action pursuant

to the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 to 634; the

Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. §§ 701 to 796; the Americans with

Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112 to 12117; the Family and Medical Leave

Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601 to 2654; the New York State Human Rights Law

("NYSHRL"), N.Y. Exec. Law §§ 290 to 297; and the New York City Human Rights Law

("NYCHRL"), N.Y.C. Admin. Code §§ 8-101 to 131;

WHEREAS on February 3, 2020, DOE moved to dismiss Plaintiff's NYSHRL and

NYCHRL claims for failure to file a notice of claim, First Mot. to Dismiss, Dkt. 12;

WHEREAS DOE's February 3 motion did not seek to dismiss any of Plaintiff's federal

law claims, *id.*; *see also* R&R, Dkt. 30 at 2 n.1 (noting that DOE did not seek to dismiss

---

[1]       On October 29, 2020, the Court dismissed the claims against Falzone and Quail with prejudice.  Order, Dkt.
35.  Accordingly, they have been removed from the caption of the case.

Plaintiff's federal law claims); Order, Dkt. 31 at 4 n.7 (noting that "DOE neither moved nor

answered the portion of the complaint raising ADEA, ADA and FMLA claims against it");

WHEREAS on February 5, 2020, the Court referred this matter to Magistrate Judge Cott

for general pre-trial management and for the preparation of a report and recommendation

("R&R") on DOE's motion, Order of Reference, Dkt. 17;

WHEREAS on July 9, 2020, Judge Cott entered an R&R recommending that Plaintiff's

NYSHRL and NYCHRL claims be dismissed because she failed to file a notice of claim as

required by statute, R&R, Dkt. 30 at 13–20;

WHEREAS Judge Cott further recommended that Plaintiff be permitted to file a late

notice of claim as to allegations arising from her medical condition but not as to allegations

concerning age discrimination, *id.*;

WHEREAS on July 31, 2020, the Court adopted Judge Cott's R&R in full and granted

Plaintiff leave to amend her complaint, Order, Dkt. 31;

WHEREAS the Court informed Plaintiff that "the amended complaint must allege

whether she served a notice of claim on DOE and whether DOE provided her the requested relief

within 30 days of such service," *id.* at 3–4;

WHEREAS on October 23, 2020, Plaintiff filed an amended complaint, *see* First

Amended Complaint ("FAC"), Dkt. 34;

WHEREAS on October 29, 2020, the Court again referred this matter to Magistrate

Judge Cott for general pre-trial management and for the preparation of R&Rs on any dispositive

motions, Order of Reference, Dkt. 36;

WHEREAS on November 6, 2020, DOE filed its second motion to dismiss, this time

arguing that the FAC failed to state a claim for relief as to any claim, Second Mot. to Dismiss,

Dkt. 37;

WHEREAS on December 29, 2020, Plaintiff responded to the motion, *see* Resp., Dkt. 43, and on January 12, 2021, DOE replied in support of its motion, *see* Reply, Dkt. 44;

WHEREAS on June 25, 2021, Judge Cott entered an R&R, recommending that the motion to dismiss be granted except as to Plaintiff's ADA retaliation claim and that Plaintiff be given leave to file a second amended complaint, R&R, Dkt. 47;

WHEREAS in the R&R, Judge Cott notified the parties that, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), they were permitted to object to the R&R's findings, *id.* at 40;

WHEREAS on July 30, 2021, Plaintiff objected to the R&R, Pl. Objections, Dkt. 57, and on August 25, 2021, DOE responded to Plaintiff's objections, Resp., Dkt. 60;

WHEREAS on August 11, 2021, DOE objected to the R&R, Def. Objections, Dkt. 59;

WHEREAS in reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1)(C);

WHEREAS as to the portions of an R&R to which no party objects, the Court may accept those findings provided that "there is no clear error on the face of the record," *Heredia v. Doe*, 473 F. Supp. 2d 462, 463 (S.D.N.Y. 2007) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *see also* Fed. R. Civ. P. 72(b) advisory committee's note;

WHEREAS an error is clear when the reviewing court is left with a "definite and firm conviction that a mistake has been committed," *see Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002) (quoting *McAllister v. United States*, 348 U.S. 19, 20 (1954));

WHEREAS when specific objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to," Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997); and

WHEREAS the Court need not consider arguments contained in the objections that were not raised initially before the magistrate judge, *see Robinson v. Keane*, No. 92-CV-6090, 1999 WL 459811, at *4 (S.D.N.Y. June 29, 1999) ("These issues were not raised before the Magistrate Judge and therefore were not addressed by him; accordingly, they may not properly be deemed 'objections' to any finding or recommendation made in the Report and Recommendation.");

IT IS HEREBY ORDERED that the R&R is adopted in full, and DOE's motion to dismiss is granted in part and denied in part.  Judge Cott recommends dismissing all of Plaintiff's causes of action, except for the ADA retaliation claim, for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See generally* R&R, Dkt. 47.  Neither party objects to Judge Cott's recommendations about the dismissed claims.  Although Plaintiff claims to object to those recommendations, her objections simply assert that she stands ready to include additional facts in an amended complaint.  *See* Pl. Objections, Dkt. 57 at 5–6.  With no substantive objections to the recommendations, the Court reviews them for clear error.  *See Heredia*, 473 F. Supp. 2d at 463 (quoting *Nelson*, 618 F. Supp. at 1189).  Upon careful review, the Court finds no clear error in Judge Cott's finding that Plaintiff has not adequately alleged sufficient facts to state a plausible claim for relief as to any of her claims, except the ADA retaliation claim.  Accordingly, those claims are dismissed.

DOE objects to Judge Cott's recommendation that this Court find that Plaintiff has stated a claim for retaliation pursuant to the ADA.  Def. Objections, Dkt. 59 at 3–7.  To state a claim for ADA retaliation, a plaintiff must adequately allege that: "(1) [s]he engaged in an activity protected by the ADA; (2) the employer was aware of this activity; (3) the employer took an adverse employment action against [her]; and (4) a causal connection exists between the alleged adverse action and the protected activity."  *Caskey v. Cty. of Ontario*, 560 F. App'x 57, 58 (2d Cir. 2014) (citing *Treglia v. Town of Manlius*, 313 F.3d 713, 719 (2d Cir. 2002)).  DOE objects to

4

Judge Cott's recommendation that this Court find that Plaintiff adequately alleged that she engaged in an activity protected by the ADA.  Def. Objections at 4–5.  Judge Cott concluded that Plaintiff's request for FMLA leave is a protected activity under the ADA.  R&R, Dkt. 47 at 29–31.  Given the DOE's objection, the Court reviews that finding *de novo*.  *See Male Juvenile*, 121 F.3d at 38.

DOE urges the Court to follow two district court decisions that held that a request for FMLA leave, without more, is not a protected activity for the purpose of an ADA retaliation claim.  *See* Def. Objections at 4–5 (citing *Kastrati v. Progress of Peoples Mgmt. Corp.*, No. 18-CV-6731, 2020 WL 6940991, at *5 (E.D.N.Y. Nov. 24, 2020); *Brizzi v. Utica Mut. Ins. Co.*, No. 18-CV-4973, 2021 WL 1163112, at *9 (E.D.N.Y. Mar. 26, 2021)).  Although neither opinion lays out its reasoning in detail,[2] it appears that those courts concluded that requesting FMLA leave is not a protected activity because it is not an action taken to protest or oppose statutorily prohibited discrimination.  *Kastrati*, 2020 WL 6940991, at *5; *Brizzi v. Utica Mut. Ins. Co.*, 2021 WL 1163112, at *9.  The Court declines to follow those two decisions.  Under their reasoning, no request for a reasonable accommodation would constitute a protected activity.  But reasonable accommodation requests have long been considered protected activity.  *See Weixel v. Bd. of Educ. of City of New York*, 287 F.3d 138, 149 (2d Cir. 2002) (finding that seeking a reasonable accommodation constitutes protected activity under the ADA) (citing *Muller v. Costello*, 187 F.3d 298, 311 (2d Cir. 1999)); *see also Bernadotte v. New York Hosp. Med. Ctr. of Queens*, No. 13-CV-965, 2014 WL 808013, at *9 (E.D.N.Y. Feb. 28, 2014) (collecting decisions from district courts in the Second Circuit holding that ADA retaliation claims may be based on a request for

---

[2]        The *Brizzi* court did not provide any independent analysis; it simply cited the holding in *Kastrati*.  *Brizzi*, 2021 WL 1163112, at *9 (quoting *Kastrati*, 2020 WL 6940991, at *5).

reasonable accommodation).[3]  Accordingly, upon *de novo* review, the Court concludes that, under the facts of this case, Plaintiff's request for FMLA leave was a protected activity sufficient to satisfy the first prong of a *prima facie* case of ADA retaliation.

DOE also objects to Judge Cott's recommendation that this Court find that the FAC adequately alleges the fourth prong of an ADA retaliation *prima facie* case, namely, that a causal connection exists between the alleged adverse action and the protected activity.  Def. Objections at 5–7.  The Court reviews that finding *de novo*.  DOE highlights Plaintiff's assertion that the adverse action she allegedly suffered in December 2018 was a continuation of a process that began in March 2018.  *Id.* at 6 (citing FAC, Dkt. 34 at 8 ¶¶ 5–6).  DOE argues that the fact that the adverse action started in March 2018 — months before her June and August 2018 requests for leave — breaks the causal connection between the alleged protected activity (the June and August 2018 requests) and the alleged adverse employment action (the disciplinary process that occurred between March and December 2018).  *Id.* at 6–7.  The Court disagrees.  Paragraph 5 of the FAC states in part: "[Plaintiff] requested an intermittent FMLA leave in writing from the NYCDOE on multiple occasions, including most recently in June and August 2018 . . ."  FAC at 8 ¶ 5.  The use of the phrase "most recently" suggests that one of the other "multiple occasions" she requested FMLA leave could have occurred before March 2018.[4]  When construed in the light most favorable to Plaintiff, it is plausible that she requested leave before the disciplinary process against her allegedly began in March 2018.  Accordingly, as alleged, the causal connection between the protected activity and the alleged adverse action has not been broken.  In

---

[3]    Given that intermittent leave may be considered a reasonable accommodation pursuant to the ADA, the mere fact that the leave was also requested under FMLA is of no moment.

[4]    The Court encourages Plaintiff to include additional information about her requests for leave, including the timing of such requests, in her amended complaint.

short, the Court adopts Judge Cott's finding that Plaintiff has adequately alleged a *prima facie* case of ADA retaliation.

DOE also objects to Judge Cott's recommendation that Plaintiff be given leave to amend her complaint so that she can cure the deficiencies with respect to her remaining claims.  Def. Objections at 7–10.  DOE argues that Plaintiff "has been afforded ample opportunity to draft a viable complaint," and her claims should be dismissed with prejudice.  *Id.* at 7.  Upon *de novo* review, the Court disagrees.[5]  Even though Plaintiff has amended her complaint once before, that amendment concerned the filing of a late notice of claim with respect to her NYSHRL and NYCHRL claims.[6]  Judge Cott's R&R is the first time Plaintiff has had the benefit of a substantive review of her federal claims, and this would be the first time Plaintiff can draft an amended complaint with those findings in mind.  Moreover, given the "special solicitude" accorded to Plaintiff as a *pro se* party, *see Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471,

---

[5]      The Court is at a loss to understand DOE's tactical decision not to move to dismiss Plaintiff's federal claims in its first motion to dismiss.  *See generally* Mem. of Law, Dkt. 14 (arguing only that Plaintiff's NYSHRL and NYCHRL claims and claims against the individual defendants should be dismissed).  Had DOE included the arguments in the pending motion to dismiss in its previously filed motion, Judge Cott's first R&R could have dealt comprehensively with all of the substantive deficiencies in Plaintiff's complaint.  Had that happened, the Court would have agreed that Plaintiff would not be entitled to file yet another amended complaint.  But there is no dispute that, due solely to Defendant's inefficient litigation tactics, Judge Cott's second R&R is the first substantive discussion of Plaintiff's federal claims.  Accordingly, Defendant will not be heard to complain that Plaintiff is being given another opportunity to state her claims.

[6]      Plaintiff did not follow fully the Court's directions with respect to her NYSHRL and NYCHRL claims.  In the Court's prior order adopting Judge Cott's first R&R, the Court stated that "the amended complaint must allege whether [Plaintiff] served a notice of claim on DOE *and* whether DOE provided her the requested relief within 30 days of such service."  Order, Dkt. 31 at 3–4 (emphasis added).  In her amended complaint, Plaintiff alleges only that she filed a notice of claim on DOE.  FAC, Dkt. 34 at 8 ¶ 9.  DOE argued that without any allegations that DOE did not provide her the requested relief within 30 days, Plaintiff has failed to state a claim pursuant to NYSHRL and NYCHRL.  Mem. of Law, Dkt. 38 at 14–15.  Judge Cott agreed and recommended that Plaintiff's NYSHRL and NYCHRL claims be dismissed on that basis.  R&R, Dkt. 47 at 36.  He further found that because Plaintiff did file a notice of claim and because DOE did not contend that it had provided her with any relief, she should be permitted one more chance to plead her state and municipal claims properly.  *Id.*

Although the Court is reticent to grant such relief given its prior clear instructions, because *pro se* parties are afforded special solicitude, the Court adopts Judge Cott's recommendation and grants Plaintiff one more chance to add that allegation.  The Court forewarns Plaintiff: if she does not add allegations to her complaint that DOE did not provide her the relief requested in her notice of claim within 30 days of her filing it, then the Court will dismiss her NYSHRL and NYCHRL claims with prejudice.

475 (2d Cir. 2006) (collecting cases), the Court finds it appropriate to give Plaintiff one more chance to amend her complaint.[7]

DOE further argues that Plaintiff should not be granted leave to amend her ADA failure to accommodate claim, because there is no set of facts that would suggest she could perform the essential functions of her job as a teacher with the intermittent leave accommodation she proposed.  Def. Objections at 8–9.  DOE is correct that being otherwise qualified for the position, with or without a reasonable accommodation, is required to make out a failure to accommodate claim.  *Id.* at 8 (citing 42 U.S.C. § 12111(8)).  But the Court summarily rejects DOE's objection because it is a new argument not made before the Magistrate Judge.  *See Robinson v. Keane*, 1999 WL 459811, at *4; *see also Abu–Nassar v. Elders Futures, Inc.*, No. 88-CV-7906, 1994 WL 445638, at *4 n.2 (S.D.N.Y. Aug. 17, 1994) ("If the Court were to consider [new arguments in an objection], it would unduly undermine the authority of the Magistrate Judge by allowing litigants the option of waiting until a report is issued to advance additional arguments.").  Moreover, DOE's objection fails to address Judge Cott's careful analysis that physical presence is not, as a matter of law, an essential function of all employment, *see* R&R, Dkt. 47 at 28 (citing *McMillan v. City of New York*, 711 F.3d 120, 126 (2d Cir. 2013)), and that the Second Circuit has repeatedly found that intermittent leave may be a reasonable accommodation under the ADA, *see id.* at 31 (collecting cases).  Accordingly, although it seems likely to be a difficult row to hoe, Plaintiff may be able to plead facts to support her claim that with her proposed reasonable accommodation, she could perform the essential functions of her position.

---

[7]     For similar reasons, the Court rejects DOE's objection with respect to Plaintiff's FMLA claims.  Def. Objections at 9–10.  DOE contends that Plaintiff "has long been on notice that her FMLA claims depended on her being able to plead that she worked at least 1,250 hours before June 2018 and August 2018."  *Id.* at 9.  But Judge Cott's R&R is the first substantive review of Plaintiff's FMLA claims, including those with respect to FMLA eligibility.  Accordingly, leave to amend is appropriate.

In short, for the reasons discussed above, the Court adopts Judge Cott's R&R in full, and DOE's motion to dismiss is granted in part and denied in part. All of Plaintiff's claims, except her ADA retaliation claim, are dismissed without prejudice, and Plaintiff is granted leave to amend her complaint.

IT IS FURTHER ORDERED that Plaintiff must file a second amended complaint by no later than **Friday, October 22, 2021**.[8] This matter remains referred to Judge Cott for general pretrial management and the preparation of R&Rs on any dispositive motions. *See* Order of Reference, Dkt. 36. Accordingly, any requests for adjournment or other applications must be made directly to Judge Cott.

The Clerk of Court is respectfully directed to close the open motion at docket entry 37. The Clerk is further directed to mail a copy of this Order to the *pro se* Plaintiff and to note the mailing on the docket.

**SO ORDERED.**

Date:   **September 15, 2021**
        **New York, NY**

_____
        **VALERIE CAPRONI**
        **United States District Judge**

---

[8]      Plaintiff is advised that this is likely her last opportunity to amend her complaint. The Court encourages Plaintiff to read Judge Cott's R&R and this order carefully. Failure to plead sufficient facts to support any of her claims will likely result in the dismissal with prejudice of such claims.